REQUESTED BY: John G. Tomek, Butler County Attorney, David City, Nebraska.
Do County Welfare Board Meetings have to be open to the general public?
Yes.
The State of Nebraska's policy concerning meetings being open to the public is stated in section 84-1408, R.R.S. 1943:
 "It is hereby declared to be the policy of this state that the information of public policy is public business and may not be conducted in secret.
 "Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and sections 79-327, 84-1408 to 84-1414, and 85-104."
The term `public body' is defined in section 84-1409, R.R.S. 1943. It states that a public body shall mean:
 ". . . (a) governing bodies of all political subdivisions of the State of Nebraska, . . . (c) all independent boards, commissions, bureaus, committees, councils, subunits, or any other bodies, now or hereafter created by Constitution, statute, or otherwise pursuant to law, . . ."
From the language of this particular statute it is apparent the intent of the Legislature was to be all inclusive as to regarding open meetings for public bodies, including county welfare boards, as set up under section 68-704, R.R.S. 1943.
A County Welfare Board may vote in an open session to close the meeting to the public if such an action is `clearly necessary' under section 84-1410, R.R.S. 1943. Section 84-1410 states, in part:
 "(1) Any public body may hold a closed session by the affirmative vote of a majority of its voting members if a closed session is clearly necessary for the protection of the public interest or for the prevention of needless injury to the reputation of an individual and if such individual has not requested a public meeting. . . ."
Thus, a County Welfare Board could possibly hold a closed session if a need to do so was clearly and convincingly shown. Section 84-1410 states that closed sessions may be held with respect to, but not limited to collective bargaining, real estate purchases, litigation, deployment of security personnel or devices, and allegations of criminal conduct.
Therefore, it is our opinion that all County Welfare Board sessions should be open to the public, unless during such an open session, a majority of the Board's voting members determine that a closed meeting is clearly necessary under the guidelines set out in section 84-1410, R.R.S. 1943.
A related area that warrants consideration is the proper handling of public assistance information pursuant to guidelines set out in 42 U.S.C.A. § 301(a), which states:
 "(a) A State plan for old-age assistance, or for medical assistance for the aged, or for old-age assistance and medical assistance for the age must
". . .
 "(7) provide safeguards which permit the use or disclosure of information concerning applicants or recipients only (A) to public officials who require such information in connection with their official duties, or (B) to other persons for purposes directly connected with the administration of the State plan; . . ."
In connection with such safeguards concerning confidential information under Nebraska statutes, refer to sections68-313, 68-1025, 68-1209, R.R.S. 1943, and sections 8000 to 8150 of Part IX of the State Plan and Manual dealing with the handling of information regarding general assistance, medical assistance, old-age assistance and aid to the blind and to dependent children.